REQUESTED BY: Dear Senator:
You have asked us to consider two questions relating to L.B. 1. In your first question you ask whether L.B. 1 creates an improper classification. In your second question you also raise a classification question. You ask whether L.B. 1 is improper because different types of subdivisions, such as school districts and counties, have different fiscal years so that the bill will affect one type as soon as passed and others later. You ask whether this results in an improper classification. We will answer your questions in the order asked.
Article III, section 18, provides in essence that the Legislature shall make no special or local law where a law of general application might be utilized. L.B. 1 might be attacked as an improper classification in that governmental subdivisions of nearly identical character might be authorized to raise significantly different amounts of taxes under the limits imposed. In our Opinion No. 19, February 14, 1977, to you, we expressed our view that L.B. 131 may have created an improper classification by virtue of the fact that closed classes were created under L.B. 131. Opinion No. 19 was written while L.B. 131 was in the initial debating stages of legislative action. At that time, section 2 provided that taxing districts would impose levies based upon the valuation of property for the year 1975. The basis of our opinion with respect to the improper classification in L.B. 131 was the absolute limitation connected to the budget for the year 1975 which allowed for no deviation from that limit. In other words, subdivisions were permanently limited according to the amount of their 1975 budget, with absolutely no opportunity to increase beyond the limitation even in the most dire circumstances. In the form finally passed, L.B. 131 provided some relief from that classification scheme in that it allowed a deviation after compliance with a prescribed procedure. L.B. 1 restricts subdivision budget increases on a percentage limitation basis. However, the bill also provides that the percentage limitation may be altered by a vote of the people. Thus, while similar political subdivisions might be treated differently as to the level of funding they may raise because of different base year amounts, that base amount will not necessarily have any continuing effect since it may be changed by a vote of the people. It may well be that this feature would remove these proposals from the evil prohibited by Article III, section 18, of the Constitution.
Generally, cases holding invalid a classification because of a closed class have involved the impossibility of expanding the members of the class. Generally, those cases upholding classification statutes have held that where subdivisions may enter the class when they attain the standards set for the class, there is no improper classification. While that analysis is not directly related to the present problem, it does seem clear that since any subdivision may increase its budget beyond the limitations provided when authorized by a vote of the people, a closed class is not created. To that extent, the situation presented under the present proposals in the Legislature differs significantly from the proposal contained in L.B. 131 at the time of our prior opinion. While we adhere to the substance of our prior opinion, that a closed class is unconstitutional under Article III, section 18, it is our view that the proposal presently being considered probably does not constitute a closed class and, for that reason, does not violate Article III, section 18, of the Constitution.
On your second question, you point out that different types of governmental subdivisions have different fiscal years. This will result in some units being under the limit in their fiscal year 1978-79 and others not until their fiscal year 1979-80. You ask whether this is an improper classification.
In our opinion only one class has been created, and the law applied equally to all members of that class. Any time the Legislature adopts an act prohibiting or authorizing some activity, the same result will occur. As an example, a law creating a new crime will result in some people being treated differently. One person may do the act the day before the effective date of the law, while another may do the act the day the act is effective. The first person will be guilty of no crime while the second is guilty and is subject to the penalty provided.
L.B. 1 will be applied to the budgets of all subdivisions for budget years commencing subsequent to its effective date. The fact that different types of subdivisions have different fiscal years, and thus will be affected on different dates does not create different classes. We do not see how the Legislature could draft language that would affect all subdivisions on the same date since they have different fiscal years.
For the reasons set forth above, it is our opinion that L.B. 1 does not offend Article III, section 18, of the Nebraska Constitution.